## Bowens v. Amburgey et al.

March 10, 1942.

Carl D. Perkins, J. C. Burnette and D. H. Hall for appellant.

Clark Pratt for appellees.

OPINION OF THE .COURT BY STANLEY, COMMISSIONER—
Affirming.

Fred Bowens sued Richmond Amburgey and wife
and Brownlow Hall and wife seeking to enjoin them
from obstructing a passway and for judgment for dam-
ages. He appeals from an adverse judgment.

Bowens owns 75 acres of land a quarter of a mile
up Gum Hollow from a highway. A branch runs down
the hollow and empties into Breeding Creek at or near
the highway. On the left-hand side of the branch Hall
owns three acres next to Bowens and F. M. Breeding
owns the land between Hall and the highway. On the
righthand side Bowens' land extends farther down the
branch to the property of Amburgey, which adjoins the
highway. All of this land and much more belonged to G.
M. Breeding who, in 1919, divided it among his children,
including F. M. Breeding and Mrs. Amburgey. In Oc-
tober, 1936, F. M. Breeding deeded the 75 acres to Bow-
ens, and in December, 1936, the three acres to Hall.
Bowens undertook to prove a passway by prescription
over Hall's parcel and out to the highway. Bowens had
hauled timber over the claimed roadway for Breeding
from the tract which he later bought. The better evi-
dence, it seems to us, is that whatever travel there had
been along this way was by members of the Breeding
family or their tenants or employees. Bowens has two
tenants living on the land now.

All of Hall's three acres is mountain or hillside ex-
cept a quarter of an acre along the branch and that is
only 30 to 50 feet wide at the widest points. The claimed
passway runs about the middle of it. Hall and his father-
in-law, Amburgey, started building a log house on this
little flat. The suit was to have them remove that as
an obstruction to the passway. After it was filed there
was some sort of proceeding, not fully disclosed, in the
county court respecting this roadway. The County
Judge and two others appointed by him laid off another
roadway, which seems to be on the other side of the creek
and on Bowens' own land opposite Hall's. The new
roadway parallels the old one and the greatest distance
from it is not over 30 feet. Bowens, however, insists that
this new road is not as convenient as the old as it re-
quires the crossing of the branch and, at least for a short
space, is "mushy" and without foundation. He insists
on having the old way through Hall's little level parcel,

which is the only place possible for him to build a home upon.

It may be said that the evidence as to the existence of this passway is conflicting. The circuit judge personally viewed the situation and reached the conclusion from that inspection and the record that the plaintiff does not have any easement over Hall's parcel. We have reached the same conclusion from the reading of the record.

The clerk's transcript is condemned. Rule III, Section 5 of this Court provides:

"The pleadings must be copied in the order in which they were filed or tendered; the orders and judgments in the order of their entry. When, by any order, a pleading or other paper is filed, the paper so filed will be copied immediately after the order filing it."

The first page of this record is a copy of a notice to take depositions. It is immediately followed by a number of orders relating to the pleadings. Then come two pages of the petition, followed by 18 pages of affidavits submitted on a motion for a temporary injunction, and seven pages of deeds; then comes the answer, in the middle of which is copied the rest of the petition. This disorder is typical of the entire record. Apparently the clerk gathered up the loose sheets and fastened them together without any effort to put them in order. The depositions are so copied as to make it difficult to tell when that of one witness ends and another begins. Such negligence is inexcusable.

The taxation of the clerk's fees for the transcript is of 130 pages at 30 cents a page for the original, 15 cents for one carbon, and 7½ cents for another, making a total of 52½ cents a page, which, with 50 cents for a certificate, amounts to $68.75. Section 1720 of the Statutes fixes the clerk's fee for copying a record for appeal at 1 cent for each ten words. It is the custom, however, to tax the fees at so much per page on the assumption that the pages will average the proper number of words. On some of the pages of this record there are only one, two or three lines containing from 9 to 40 words. Rule III, Section 17, of this Court, requires the clerk to endorse on the transcript his fees for preparing it; but the taxation as costs of the fees for carbon copies of the record is not authorized. That is a matter of contract between the

clerk and the party who desires the copy. The taxation of 130 pages at 30 cents a page in this case is grossly excessive. Upon motion of the party required to pay the fees it should be retaxed. Whatever the correct fee may be, we direct that $10 be deducted as a penalty for the gross violation of the rule of this court above stated.

Judgment affirmed.